IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

_____

| | |
|---|---|
| STEVE PIRIBAUER, | ) |
|    Plaintiffs, | ) |
| | ) |
|    v. | ) No. |
| | ) |
| | ) |
| OFFICER ANKARLO, STAR #175, | ) |
| AND THE CITY OF CHICAGO HEIGHTS, | ) |
|    Defendants. | ) |

_____

## AMENDED COMPLAINT

### COUNT I - EXCESSIVE FORCE

### JURISDICTION AND VENUE

1. This Court has jurisdiction based on 28 U.S.C. §§1331 and 1343(a) because the case raises federal constitutional issues.

2. The Court has supplementary jurisdiction over substantially related state claims based on 28 U.S.C. 1367(a).

3. This is an appropriate venue because all of the alleged acts occurred within the Northern District of Illinois and all of the parties reside within the Northern District of Illinois.

4. This action is brought pursuant to 42 U.S.C. §1983 for violations of Plaintiff's constitutional rights under the Fourth Amendment as incorporated and applied to state

governments through the Fourteenth Amendment to the United States Constitution.

## PARTIES

5. Plaintiff is a citizen of the United States and resident of Indiana.

6. Defendant, Ankarlo, was on duty and acting under color of state law at all times relevant to this Complaint.

7. The City of Chicago Heights is a municipality organized under the laws of the State of Illinois and it is the employer of Defendant Ankarlo.

## THE FOURTH AMENDMENT VIOLATION

8. On December 9, 2005, Plaintiff was driving at or near 14th and Chicago Road in Chicago Heights, IL.

9. The Defendant did not have a search warrant for either the Plaintiff or his vehicle.

10. The Defendant did not have an arrest warrant for the Plaintiff on December 9, 2005.

11. The Defendant Ankarlo witnessed the Plaintiff commit a traffic violation.

12. Defendant Ankarlo did not activate his emergency police lights to indicate to the plaintiff to stop his vehicle.

13. The Plaintiff did stop his vehicle after the traffic violation occurred and when he first realized Defendant Ankarlo was pursuing him.

14. The Defendant Ankarlo proceeded to verbally threaten and curse at the

Plaintiff.

15. The Defendant Ankarlo proceeded to physically attack the Plaintiff after Plaintiff stopped his vehicle.

16. Plaintiff at no time relevant to this complaint hit, struck, kicked, or attempted to hit, strike, or kick Defendant Ankarlo, or any other police officer.

17. Plaintiff at no time relevant to this complaint, resisted, obstructed, or disobeyed any commands by Defendant Ankarlo.

18. As a direct and proximate result of the excessive force, the Plaintiff suffered actual harm.

WHEREFORE, Plaintiff prays this Court will award him actual and punitive damages as well as costs and reasonable attorney's fees against the defendant, Officer Ankarlo.

## COUNT II - FALSE ARREST

1. The Defendant, Ankarlo, wrote false and misleading police reports alleging that the Plaintiff resisted him.

2. Ultimately the charge of resisting was dismissed (Case No. 05602026801).

3. As a direct and proximate result of the unconstitutional conduct of the Defendant officer, Plaintiff suffered actual harm.

Wherefore, Plaintiffs pray this Honorable Court award him actual and punitive damages as well as costs and reasonable attorneys fees against the defendant, Officer

3

Ankarlo.

## COUNT III - STATUTORY INDEMNIFICATION

1-18.  Plaintiff re-allege paragraphs 1-18 of Counts I, II, and III as paragraphs 1-18 of Count IV.

19.  At all relevant times 745 ILCS 10/9-102 was in full force and effect.

20.  The defendant officer was acting under color of state law and as an employee of the City of Chicago Heights.

WHEREFORE, Plaintiff prays the Court will award him actual damages and costs against the City of Chicago Heights.

                                                Respectfully Submitted,

                                                S/ Thomas Peters
                                                THOMAS PETERS
                                                KEVIN PETERS
                                                Attorneys for Plaintiff
                                                407 S. Dearborn, Suite 1675
                                                Chicago, Illinois 60605
                                                312-697-0022